## COPE *et al. v.* ECKERT *et al.*

In a dispute as to the location of the corner marking boundary lines, where surveyors testify that they had established such corner by reference to the nearest established corners on township lines, and that in doing so they found but disregarded, other corners recognized by the owners of adjacent land, a finding that such other corners were recognized government corners, and the survey therefore improper, was not supported by the evidence.

HANEY, J., dissenting.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Turner county. HON. E. G. SMITH, Judge.

Action by F. M. Cope and another against Fredericka Eckert and another, to quiet title and determine adverse claims to certain realty. From a judgment in favor of defendants, plaintiffs appeal. Reversed.

*Keith & Warren,* for appellants.

*French & Orvis,* for respondents.

CORSON, J. This is an action to quiet plaintiff's title, and to determine the adverse claim of defendants to a tract of land containing 24.49 acres, and to recover possession thereof from the defendants. The findings and judgment were in favor of the defendants, and the plaintiffs appeal.

The tract of land in controversy, it is claimed by the plaintiffs constitutes the easterly portion of the N. E. ¼ of section 31, owned by them, being 8.41 chains in width at the northerly end and 4.10 chains in width at the southerly end. The defendants are the owners of the N. W. ¼ of section 32, and claim said tract as part of said N. W. ¼ owned by them. The principal point of controversy was as to where the original government monument was placed at the

northeast corner of section 31. No recognized government monument is now to be found at that corner, either at the point claimed by the defendants or at the point claimed by the plaintiffs. The distance between the two, as before stated, is about 8.41 chains. The case was tried by the court, with the assistance of a jury. The following questions were submitted to the jury, to which they returned answers: (1) Are there any known government corners on the east and west line running between sections 30 and 31, 29 and 32, other than those on the township lines on the east and west side of the township? Ans. Yes. (2) Are there any known government corners on the north and south line running between those sections 31, 32, 29 and 30, other than those on the north and south line? Ans. No. (3) Is the corner claimed by the defendants, and known as the Eckert corner, and situated 69 chains and 62 links east from the northwest corner of section 31, and 81 chains and 83 links north from the southeast corner of section 31, an original government corner? Ans. No." In addition the court made certain findings, the material parts of which are as follows: "(3) That the location of the section corner at the northeast corner of the northeast quarter of said section 31, and at the northwest corner of the northwest quarter of said section 32, having been in dispute, one E. H. Van Antwerp, and T. F. Collins, county surveyor of said Turner county, were employed to locate and re-establish said section corner. (4) That said Van Antwerp and said T. F. Collins each, in making a separate survey for the purpose of locating and re-establishing said section corner, measured and surveyed from undisputed government section corners on the township lines of said township according to the government field notes of the survey of said township, and did not measure from or recognize any other section or quarter section corner in said township; that the point so lo-

cated as a corner to said section by said survey is the corner claimed by the plaintiffs; that the only evidence of its location at the point claimed by plaintiffs was the survey so as above stated, made by said Van Antwerp and Collins from said field notes, said survey ignoring all interior section and quarter section corners. (5) That at the time of making said survey there were known government corners on the east and west line running between sections 30, 31, 29 and 32, other than those on the east and west township lines of said township 97, north of range 52, west, in Turner county, South Dakota, nearer to the northeast section corner of 31, in said township and range, than the corners on the township lines of said township used by the surveyors, Van Antwerp and Collins, in making said survey." From these and other findings in the case, the court concludes that the surveys made by Van Antwerp and Collins were not made in accordance with the law and rules of the United States land department; and it further concludes that the corner located by said survey was not shown to be the government section corner, or a re-location and establishment of the government section corner between the sections, and thereupon the court entered judgment dismissing the action. To these findings of fact and conclusions of law the plaintiffs excepted, specifying the particulars in which the evidence was insufficient to justify the respective findings of fact.

The principal question, therefore, to be determined is, are the findings of fact justified by the evidence? It will be observed that the corner in controversy is one mile north and about one mile east of the west township or range line. It appears from the evidence that the southwest, southeast and northwest corners of section 31 were well known and established government corners. It is contended on the part of the appellants that it was not shown that there were any other existing recognized government corners within the

same distance of the corner in controversy. The only evidence as to the existence of such recognized government corners is that of Mr. Collins and Mr. Van Antwerp. Mr. Collins testified as follows: "I had the field notes with me when I made the survey of this section. I run these lines according to the measurements given in the field notes, and proportioned the distance that I found according to that given in the field notes, and established a corner common to sections 29, 30, 31 and 32 on the basis of the distance given in the field notes. I commenced on the range line at the northwest corner of section 31. There has never been any dispute, to my knowledge, about this being the government corner. I went south one mile to the corner of the towns. That was the township corner. Thence east not quite a mile, because the west side is a fraction, to another corner, I went north of this corner one mile, and thence west again to the place of beginning. The sections on the west side of this township are fractional sections. The distance from the southeast corner of 31 to the northeast corner is 79 chains, 98 links—2 links short of a mile. The distance from the northwest of 31 to the northeast of 31 is the northwest quarter 38 chains, 8 links, and the northeast quarter 39 chains, 90 links." Mr. Van Antwerp testified as follows: "I located the northeast corner of section 31. I located it from the nearest known government corners. The nearest one on the west was on the town line between sections 30 and 31. The nearest north corner was on the township line between sections 5 and 6. The nearest east corner was on the township line between sections 25 and 36. And the nearest south government corner was on the south township line at the southwest of 32 and southeast of 31. I run a line from the south township corner between 31 and 32 to the north township corner between 5 and 6, and found the distance to be 480.18 chains. At 80 chains in running up I made a mark. Then I started

on the east township line between 25 and 36, and run west to the township line between 30 and 31, and the distance was 476.99 chains. I found on the north and south lines that my chain agreed correctly with the government chain. On the east and west line I found that 77.97 chains would give the same distance as 78.18 chains, as shown by the government field notes. At those two distances, 80 chains from the corner on the south township line, as shown by my chain, and 77.97 chains from the west township line, I established a corner to 29, 30, 31 and 32—the corner in controversy. I had the field notes with me."

It will be noticed from the findings that the court finds that Van Antwerp and Collins, in making the survey for the purpose of establishing the corner, measured and surveyed from undisputed government section corners on the township lines of said township, and that the court does not question the correctness of the survey so made from the recognized government corners, but finds that there were other government corners from which the survey might have been made, but from a careful examination of the evidence we are unable to find any testimony sustaining the court's theory. Van Antwerp states distinctly that there were no other recognized government corners other than the corners on the township lines between sections 5 and 6 on the north, between 25 and 36 on the east, between 31 and 32 on the south—at the southwest of 32 and southeast of 31— and between 30 and 31 on the west—at the northwest of 31. Mr. Collins' testimony is substantially to the same effect. It is true that the jury found that there were known government corners on the east and west line running from the corner on the east township line; but, after examining the evidence, we think this finding is entirely unsupported. Collins speaks of two corners on the line run from

the east township line, which were one and two miles from said east line, which he says were recognized by the owners, but he does not say that they were government corners, or that he recognized them as such. This seems to be the only evidence upon which the jury could base their finding, but if these were in fact recognized government corners, they were at least two miles more distant than the corners from which the surveys were made.

This court is further of the opinion that the findings of the court below are not supported by the evidence. It necessarily follows that, if the findings are not supported by the evidence, the court's conclusions of law are erroneous. It is quite clear, therefore, that the appellants are entitled to a new trial. The judgment of the court below is reversed and a new trial granted.

HANEY, J., dissenting.